# In the United States District Court for the Southern District of Georgia Statesboro Division

JUANA EGDA PACHECO MENDOZA,

    Plaintiff/Petitioner,

v.

REY DAVID MORENO PASCUAL,

    Defendant/Respondent.

CV 615-40

**TEMPORARY RESTRAINING ORDER**

Petitioner Juana Egda Pacheco Mendoza alleges that her husband, Respondent Rey David Moreno Pascual, has wrongfully retained their minor child, L.D.M., in Statesboro, Georgia and will not return L.D.M. to her in Mexico per the parties' agreement. Petitioner has filed a "Petition Under the Hague Convention Seeking Return of the Child to Petitioner in Mexico" (Dkt. no. 1), along with a Motion for an *Ex Parte* Temporary Restraining Order (Dkt. no. 4) that would enjoin Respondent from allowing L.D.M. to be removed from this Court's jurisdiction pending a hearing on Petitioner's request for a preliminary injunction. For the reasons stated below, Petitioner's *ex parte* request for the temporary restraining order is **GRANTED**. Respondent is hereby enjoined from allowing L.D.M. to be removed

from the Southern District of Georgia pending a hearing on Petitioner's request for a preliminary injunction on May 6, 2015 at 3:30 p.m. at the United States District Court for the Southern District of Georgia in Statesboro, Georgia. Furthermore, Respondent is hereby **DIRECTED** to bring to the preliminary hearing on May 6 any passports in his and/or L.D.M.'s name.

This Order is not a decision on the merits. Instead, the Court addresses only the precise question before it: whether Petitioner is entitled to the extraordinary remedy of an *ex parte* temporary restraining order. Because Petitioner has shown that she will likely suffer irreparable harm without a temporary restraining order, the Court issues an injunction preventing Respondent from removing L.D.M. from the Court's jurisdiction for the limited period of time between today's *ex parte* hearing and the full hearing on Plaintiff's motion for a preliminary injunction on May 6, 2015, at which all parties will have an opportunity to be heard.

In ruling on Plaintiff's motion for a temporary restraining order, the Court relies upon the following findings of fact and conclusions of law.

# FINDINGS OF FACT[1]

1. Petitioner is L.D.M.'s mother, and Respondent is his father. Dkt. no. 1 ("Petition"), ¶ 7.

2. Petitioner and Respondent are both citizens of Mexico. Id. ¶ 8.

3. Petitioner and Respondent were married in Oaxaca, Mexico, and are still married. Id. ¶ 9; Dkt. no. 1-3 (Marriage Certificate).

4. In addition to L.D.M., Petitioner and Respondent have two other children, both of whom reside with Petitioner in Mexico. Petition ¶ 10.

5. Petitioner and Respondent moved to the United States from Mexico in 2004, along with their oldest child. Id. ¶¶ 11-13.

6. Petitioner gave birth to L.D.M. in Statesboro, Georgia, on October 15, 2006. Id. ¶ 14; Dkt. no. 1-4 (Birth Certificate).

7. In May 2010, Petitioner and Respondent agreed that Petitioner would return to Mexico with L.D.M. On May 26, 2010, Respondent signed a notarized statement acknowledging Petitioner's return to Mexico with L.D.M. Petition ¶ 16; Dkt. no. 1-5 (Notarized agreement bearing Respondent's signature).

---

[1] As the Court is considering Petitioner's request for a temporary restraining order *ex parte*, these facts are based on the allegations Petitioner makes in her Verified Petition, Dkt. no. 1.

8. In June 2010, Petitioner, L.D.M., and her other two children went to Mexico. Respondent stayed in the United States, having promised to send money to his family and to return to Mexico within one year. Petition ¶ 17.

9. Respondent never returned to Mexico, and stopped contacting Petitioner or sending any financial support soon after Petitioner and her children arrived in Mexico. Id. ¶¶ 18, 20.

10. From June 9, 2010 until March 15, 2014, L.D.M. resided continuously with Petitioner at their residence in Mexico. During this time, Petitioner has provided financial and other support for L.D.M. Id. ¶¶ 19, 21.

11. In February 2014, Respondent contacted Petitioner and asked that L.D.M. visit him in the United States. Petitioner agreed to let L.D.M. visit his father. Id. ¶¶ 23-24.

12. At that time, L.D.M. was continuously enrolled in a primary school in Mexico. Id. ¶ 25.

13. On March 15, 2014, L.D.M. flew from Mexico to the United States. Id. ¶ 26.

14. In April 2014, Respondent asked Petitioner if L.D.M. could stay with him in the United States until the end of the school year. Petitioner agreed. Id. ¶ 27.

15. In June, 2014, Petitioner asked Respondent to return L.D.M. to Mexico so that L.D.M. could begin his next school

term. Respondent refused to return L.D.M. to Mexico. Id. ¶¶ 29-30.

16. Petitioner believes that Respondent's girlfriend or sister cares for L.D.M. during the week while Respondent works. Id. ¶ 34.

17. Despite repeated requests to have L.D.M. returned to Mexico, Respondent has not returned L.D.M. to Mexico. Id. ¶ 31.

18. Petitioner says that she can only communicate with L.D.M. at Respondent's pleasure, and she has thus had limited communication with her child.

19. On October 13, 2014, Petitioner filed a petition under the Hague Convention for the return of L.D.M. with the Secretaria de Relaciones Exteriores, in Mexico. Id. ¶ 33; Dkt. no. 1-11 (Copy of the Petition).

20. Petitioner believes that L.D.M. is currently residing under the care of Respondent, his girlfriend, or his sister in Statesboro, Georgia.

21. Petitioner believes that Respondent is not a citizen of the United States and is not lawfully present in the United States.

22. Petitioner filed the present petition in the United States District Court for the Southern District of Georgia on April 16, 2015. Id.

5

**CONCLUSIONS OF LAW**

1. Injunctive relief of the nature sought by Petitioner "is an extraordinary remedy never awarded as of right. In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).

2. A plaintiff seeking such injunctive relief must make four showings: "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20.

3. The Petitioner must clearly meet the burden of persuasion on these four issues. Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003); accord Winter, 555 U.S. at 22.

4. When a court issues an injunction, the court's order must "state its terms specifically" and must "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1); accord Schmidt v. Lessard, 414 U.S. 473, 475-77 (1974); Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188, 1203 (11th Cir. 2001).

AO 72A
(Rev. 8/82)

5. When issuing an *ex parte* temporary restraining order pursuant to Rule 65(b), "the court must state the date and hour it was issued; describe with particularity the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record." Fed. R. Civ. P. 65(b)(2). The temporary restraining order may not exceed 14 days. Id.

I. **Likelihood of Success on the Merits**

6. Petitioner has brought a petition for the return of L.D.M. to Mexico pursuant to the Hague Convention and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 et seq. See Petition.

7. In order to demonstrate that she is likely to prevail on the merits, Petitioner must show a *substantial* likelihood of success on the merits. Cable Holdings of Battlefield, Inc. v. Cooke, 764 F.2d 1466, 1474 (11th Cir. 1985) (emphasis added).

8. The United States is a signatory to the Hague Convention, which seeks "(a) to secure the prompt return of children wrongfully removed or retained in any Contracting State; and (b) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States." Hague Convention, Article 1 (available at Dkt. no. 1-2). In the United States, the Hague Convention is implemented by ICARA. 22 U.S.C. § 9001 et seq.

7

9. This Court has jurisdiction to consider Petitioner's Petition under § 9003 of ICARA, which provides that the "courts of the States and the United States district courts shall have concurrent original jurisdiction of actions arising under the Convention," and that petitions for relief may be filed "in any court which has jurisdiction of such action and which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed." 22 U.S.C. § 9003(a) and (b).

10. Petitioner has the burden of showing by a preponderance of the evidence "that the child has been wrongfully removed or retained within the Meaning of the Convention." 22 U.S.C. § 9003(e)(1)(A).

11. Under Article 3 of the Hague Convention,

> The removal or retention of a child is to be considered wrongful where (a) it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and (b) at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.
>
> The rights of custody mentioned in sub-paragraph (a) above, may arise in particular by operation of law or by reason of a judicial or administrative decision, or by reason of an agreement having legal effect under the law of that State.

Hague Convention, Art. 3.

8

12. A court "[i]n furtherance of the objectives of . . . the Convention . . . may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the further removal or concealment before the final disposition of the petition." 22 U.S.C. § 9004(a).

13. The Eleventh Circuit Court of Appeals has summarized the Hague Convention's return remedy as follows:

> [T]he Hague Convention provides that the removal or retention of a child from his or her State of habitual residence is wrongful if the petitioner establishes by a preponderance of the evidence that: (1) the child has been removed or retained in violation of the petitioner's "rights of custody," i.e., "rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence," either jointly or alone; and (2) "at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention." . . . Once the petitioner satisfies this burden, the child must be returned to her State of habitual residence unless the respondent establishes one of these affirmative defenses: (1) that the petition for return was filed more than one year from the removal or retention and the child is well-settled in her new environment, or (2) that the petitioner "was not actually exercising the custody rights at the time of the removal or retention, or had consented to or subsequently acquiesced in the removal or retention."

Furnes v. Reeves, 362 F.3d 702, 712 (11th Cir. 2004) abrogated on other grounds by Lozano v. Montoya Alvarez, 134 S. Ct. 1224 (2014).

AO 72A
(Rev. 8/82)

14. Petitioner has shown that she had custody rights over L.D.M., and was exercising those rights at the time of his retention in Statesboro, because L.D.M. had resided continuously with her and his siblings in Mexico from June 9, 2010 until March 15, 2014 (Petition ¶ 19) and Petitioner has provided L.D.M.'s financial support for most or all of his life (¶¶ 20, 21).

15. Petitioner has also shown through her complaint that Respondent has retained L.D.M. in Statesboro in violation of Petitioner's custody rights by first agreeing to keep L.D.M. only until the end of the 2014 school year (¶ 27), but then refusing to return L.D.M. to Mexico after the school year had ended (¶¶ 29-32).

16. Because Petitioner has shown that she held and was exercising rights of custody over L.D.M. at the time he was wrongfully retained by Respondent in Statesboro, Georgia, Petitioner has shown that she has a likely success on the merits of her Petition under the Hague Convention.

## II. Likelihood of Irreparable Harm

17. Before the Court may issue an injunction, the Plaintiff must show that irreparable harm is not merely possible, but likely. Winter, 555 U.S. at 22 (rejecting "possibility" standard as too lenient and writing, "[o]ur frequently reiterated standard requires plaintiffs seeking

preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction." (emphasis in original)).

18. "An injury is 'irreparable' only if it cannot be undone through monetary remedies." United States v. Jenkins, 714 F. Supp. 2d 1213, 1221 (S.D. Ga. 2008) (citations omitted).

19. Here, Petitioner has alleged that Respondent, a citizen of Mexico, is not lawfully present in the United States.

20. Because Respondent is not lawfully residing in the United States, it is likely that an Order to appear in federal court for a full hearing on Plaintiff's motion for a preliminary injunction will incentivize Respondent to flee the Court's jurisdiction with L.D.M.

21. If Respondent were to remove L.D.M. from the Court's jurisdiction, Petitioner would be denied her opportunity to seek L.D.M.'s return to Mexico under the Hague Convention. The likely harm to Petitioner, then, is exceedingly high, as she may not be able to continue a relationship with her son absent an injunction.

22. Furthermore, an *ex parte* Order, issued without notice to Respondent, is appropriate under these circumstances due to the nature of the irreparable harm that Petitioner fears. Because there is a risk that Respondent may flee the Court's jurisdiction with L.D.M. when he learns of Petitioner's Petition

11

under the Hague Convention, it is proper for the Court to grant Petitioner's request for the temporary restraining order rather than require Petitioner to notify Respondent of her Petition without an enforceable injunction in place at the time of such notification.

23. Therefore, Plaintiff has shown that irreparable harm will likely ensue if the Court does not issue a temporary restraining order.

### III. Balance of the Equities

24. When a District Court considers an injunction, it should weigh the equities carefully. Cursory analysis is insufficient. Winter, 555 U.S. at 26.

25. Several equitable considerations weigh in Petitioner's favor. Petitioner has certain custody rights over L.D.M. under the laws of Mexico. The provisions of the Hague Convention and the ICARA are the only legal recourse available to her under the present circumstances, where her son has been wrongfully retained in Statesboro, Georgia in violation of her custody rights. If Respondent were to be notified of Petitioner's Petition without a legally enforceable order enjoining him from removing L.D.M. from the Court's jurisdiction, Petitioner's only available recourse for the return of her son would be thwarted. The stakes for Petitioner, then, are high.

26. Very few equitable factors weigh in favor of Respondent. The temporary nature of the injunction would not greatly inhibit his rights or ability to travel, as the requested injunction is limited to keeping L.D.M. within this Court's jurisdiction for less than two weeks. Furthermore, even if Respondent himself needed to leave the Court's jurisdiction pending the hearing on the preliminary injunction, he would be able to do so by placing L.D.M. in the care of his girlfriend or sister, which is, apparently, his current practice when he travels for work. Thus, the requested injunction would present little, if any, inconvenience or harm to Respondent.

27. Upon weighing the above factors, the Court concludes that the balance of the equities favors Petitioner insofar as the court considers her request for an *ex parte* temporary restraining order. The potential harm to Petitioner greatly exceeds any harm that could fall on Respondent in light of the injunction. The injunction will allow Petitioner to seek her legal remedies under the Hague Convention and ICARA with little or no inconvenience to Respondent.

### IV. Public Interest

28. The relief requested is limited in nature and tailored toward one goal: allowing the Court to exercise its jurisdiction in considering Petitioner's Petition under the Hague Convention and ICARA.

13

29. The public has an interest in seeing the custody rights of parents residing in other nations enforced in the United States' courts through the Hague Convention and ICARA.

30. The Court concludes that the public interest in granting a temporary restraining order favors Petitioner.

**CONCLUSION**

Petitioner has met the requirements for a temporary restraining order enjoining Respondent from allowing L.D.M. to be removed from the Southern District of Georgia pending the Court's consideration of Petitioner's request for a preliminary injunction at the May 6, 2015, 3:30 p.m. hearing at the United States District Court in Statesboro, Georgia. Therefore, the Court **GRANTS** Petitioner's request for a temporary restraining order.

The Court hereby enjoins Respondent from removing and from allowing L.D.M. to be removed from the geographic jurisdiction of the Statesboro Division of the Southern District of Georgia, which includes the counties of Bulloch, Candler, Emanuel, Evans, Jenkins, Screven, Tattnall, and Toombs. The injunction does not restrain Respondent himself from leaving the counties of the Statesboro Division. This injunction shall remain in effect until the conclusion of the hearing scheduled for May 6, 2015, at 3:30 p.m. The Court hereby **ORDERS** Respondent to bring to the May 6, 2015 hearing any passports in his and/or L.D.M.'s name.

AO 72A
(Rev. 8/82)

This order binds all of the parties, the parties' officers, agents, servants, employees, and attorneys.

Pursuant to Federal Rule of Civil Procedure 65(c), the Petitioner must post bond with the Clerk of the U.S. District Court in the amount of $1,000 by April 27, 2015.

Further, Petitioner is Ordered to serve a copy of this Order on Respondent by 5:00 p.m. on April 27, 2015.

**SO ORDERED**, this 24 day of April, 2015 in Statesboro, Georgia at 5:00 o'clock p.m.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA