# In the United States District Court
# for the Southern District of Georgia
# Statesboro Division

JUANA EGDA PACHECO MENDOZA,

    Plaintiff/Petitioner,

v.

REY DAVID MORENO PASCUAL,

    Defendant/Respondent.

CV 615-40

## ORDER

Presently before the Court is Petitioner Juana Egda Pacheco Mendoza's request to attend by videoconference the May 6, 2015 preliminary injunction hearing and all future hearings concerning her petition for return of a minor child pursuant to the Hague Convention. Dkt. no. 18. For the reasons stated below, Petitioner's request is **PROVISIONALLY GRANTED** and she is **DIRECTED** to supplement the record, pursuant to this Order, with further information regarding the particular method she will use to attend the hearings by videoconference.

## PROCEDURAL BACKGROUND

This case concerns Petitioner's Petition Under the Hague Convention Seeking Return of the Child to Petitioner in Mexico. Dkt. no. 1. On April 24, 2015, this Court held an *ex parte*

hearing in Statesboro, Georgia, to consider Petitioner's Motion for an *Ex Parte* Temporary Restraining Order (Dkt. no. 4). That day, the Court granted Petitioner's request and issued an *ex parte* temporary restraining order enjoining Respondent Rey David Moreno Pascual from removing the Parties' minor child, L.D.M., from the Southern District of Georgia, Statesboro Division's jurisdiction until all parties could be heard at a preliminary injunction hearing on May 6, 2015. Dkt. no. 13. Plaintiff claims that, despite her best efforts, she has been unsuccessful in obtaining permission to legally enter the United States to be present for the May 6 preliminary injunction hearing and subsequent hearings on her Hague Convention petition. Dkt. no. 18. In the present motion, she requests that the Court allow her to testify at future hearings from Mexico by videoconference pursuant to Federal Rule of Civil Procedure 43(a).

**FACTUAL BACKGROUND**

The following facts are taken from Petitioner's Declaration and other exhibits to her Motion (Dkt. no. 18).

Petitioner currently resides in Mexico. She applied for and received a passport for the purpose of attending hearings related to her Hague Convention petition. Dkt. no. 18-1 (Pet.'s Decl.) ¶ 2. On April 23, 2015, Petitioner went to the U.S. Embassy in Mexico City, Mexico, to apply for a Border Crossing Card, but was denied. Id. ¶ 3. On April 25 and 27, 2015,

Petitioner's attorneys helped her file for a visa application and schedule the various appointments necessary to complete a visa application, including a Consular Interview. Id. ¶ 4. However, Petitioner's visa application was denied on April 29, 2015 after the Consular Interview. Id. Petitioner's counsel has also provided a declaration describing counsel's efforts to aid Petitioner in obtaining a visa. Dkt. no. 18-2 (Blackburn Decl.).

Petitioner's counsel also states that her law firm has relationships with law firms in Mexico City where Petitioner is currently residing, and is attempting to find a suitable location from which Petitioner may participate in a video conference. Id. ¶ 7.

**DISCUSSION**

Federal Rule of Civil Procedure 43(a) allows for remote transmission of in-court testimony in some circumstances: "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). The determination of whether remote testimony is warranted is a matter of the court's discretion. Air Tribune Tech., Inc. v. Atlas Copco AB, 410 F.3d 701, 714 (Fed. Cir. 2005).

The Advisory Committee Notes to Rule 43 offer extensive guidance as to what constitutes "good cause" and "compelling

circumstances." "The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, . . . but remains able to testify from a different place." Fed. R. Civ. P. 43 Advisory Committee's Note. However, "[o]ther possible justifications for remote transmission must be approached cautiously." Id.

Other courts have allowed witnesses in Hague Convention cases to testify by videoconference from other countries where the witnesses were unable to obtain visas to travel to the United States. El-Hadad v. United Arab Emirates, 496 F.3d 658, 669 (D.C. Cir. 2007) (affirming trial court's grant permission for remote testimony due to showing that the party had been denied a visa); Haimdas v. Haimdas, 720 F. Supp. 2d 183, 187 (E.D.N.Y. 2010) ("As authorized by Rule 43(a) . . . , petitioner, who had been unable to obtain a visa to travel to this country, testified via a live video link from London, England."); Matovski v. Matovski, No. 06-CIV-4259, 2007 WL 1575253, at *3) (S.D.N.Y. May 31, 2007) ("In the limited context of an ICARA case and on these facts, I consider the father's inability to obtain a visa . . . to satisfy the standard for good cause. . . .").

Here, while Petitioner's inability to obtain a visa is not purely unexpected and therefore not under the most "persuasive"

category of those circumstances showing good cause, her diligent efforts and proven inability to obtain a visa or other official permission to enter the United States satisfies the "good cause" standard. Petitioner's parental rights are at stake, and those rights are protected by the Hague Convention, to which the United States and Mexico are members. Because Petitioner would be unable to vindicate her rights without testifying before the Court by videoconference, she has shown "good cause in compelling circumstances" to utilize Rule 43(a)'s procedures for remote testimony at the May 6, 2014 and subsequent hearings in this case. Therefore, Petitioner's motion to testify by videoconference (Dkt. no. 18) is **GRANTED**.

However, the Court nevertheless requires assurances that Petitioner's method of testifying before the Court is both technologically sound and has the appropriate procedural safeguards in place. To this end, Petitioner is **DIRECTED** to supplement the record with a statement of the particular videoconferencing method she will employ and the location from which she will testify and to provide in advance any exhibits that she will refer to in her testimony. Petitioner is further **DIRECTED** to secure the services of a person authorized to administer oaths either by federal law or by the laws of Mexico who will administer the oath to Petitioner in Mexico in addition to, or in lieu of, any oath administered via videoconference by

this Court's courtroom deputy clerk. Cf. Fed. R. Civ. P. 28(b)(1)(C) (allowing depositions to be taken in foreign countries "before a person authorized to administer oaths either by federal law or by the law in the place of examination.").

Additionally, this Court notes that under more ideal circumstances it would have delayed ruling on Petitioner's request until Respondent had adequate time to prepare and deliver a response in opposition. However, because Rule 65(b) only allows for 14 days or less to pass between the issuance of an *ex parte* temporary restraining order and the subsequent hearing on the full preliminary injunction, time is of the essence, and Petitioner must start making arrangements to testify by videoconference today if she intends to do so at the May 6 hearing. Because Respondent has not had ample time to respond to Petitioner's request, he will be afforded an opportunity to oppose Petitioner's Rule 43(a) request at the May 6, 2015 hearing before the Court hears Petitioner's testimony on her request for a preliminary injunction.

**CONCLUSION**

Petitioner's motion to testify at the May 6, 2015 hearing by videoconference is **PROVISIONALLY GRANTED**; Respondent will have an opportunity to oppose Petitioner's motion at the May 6, 2015 hearing. Petitioner is **DIRECTED** to supplement the record in accordance with this Order.

AO 72A
(Rev. 8/82)

**SO ORDERED**, this 5TH day of May, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AO 72A
(Rev. 8/82)

7