## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

JUANA EGDA PACHECO MENDOZA,     )
                                     )     CV 615-40
       Petitioner,                   )
                                       )
v.                                       )
                                       )
REY DAVID MORENO PASCUAL,        )
                                       )
       Respondent.                )

## NOTICE OF ASSISTANCE FROM
## MEXICAN CENTRAL AUTHORITY AND
## UNITED STATES NETWORK JUDGE

As the parties were informed during the trial, on January 19 and 20, 2016, the undersigned utilized the Hague Convention protocol of contacting the United States Department of State in order to seek assistance from a United States Hague Convention Network Judge to obtain relevant custody laws of Oaxaca, Mexico.

Attached is a true and correct copy of the laws I received on January 20, 2016. The laws were the same as those submitted by Petitioner in Exhibit 17.

This _22_ day of January, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA



FW: Mendoza V. Pascual 615-40 (SDGa.)
Hines, Shannon O
to:
Lisa_Wood@gas.uscourts.gov
01/20/2016 09:05 AM
Cc:
"Puig-Lugo, Hiram E. (Hiram.Puig-Lugo@dcsc.gov)"
Hide Details
From: "Hines, Shannon O" <HinesSO@state.gov>
To: "Lisa_Wood@gas.uscourts.gov" <Lisa_Wood@gas.uscourts.gov>
Cc: "Puig-Lugo, Hiram E. (Hiram.Puig-Lugo@dcsc.gov)" <Hiram.Puig-Lugo@dcsc.gov>

1 Attachment



CC OAXACA ENGLISH.doc

Hi Judge Wood,

In the effort to try to get you something in time for your hearing, we also reached out to our counterparts at the Mexican Central Authority. Below please find her answer. I believe US Network Judge Puig-Lugo is also in contact with you. If you need anything else from us, please do not hesitate to ask. Thanks, Shannon

This email is UNCLASSIFIED.



SECTION ONE. ON PERSONS
TITLE FIFTH. ON MARRIAGE
## CHAPTER X. ON DIVORCE

**Article 295**. The divorce decree shall determine the situation of the children. To this end, the judge will have the authority granted in this Code and especially that which is contemplated in the last paragraph of the previous article[1], to rule on all things related to the rights and obligations inherent to parental authority/responsibility (*patria potestas*), including its termination, suspension or limitation according to the case, and especially on the custody and care of the children, after carefully evaluating all the elements within his or her reach and stating the legal reasoning for his or her decision. The judge must also call the persons legally entitled to the exertion of parental authority/responsibility (*patria potestas*), or when adequate, designate a legal guardian.

Regarding the manner in which visitation rights will be exerted, it shall be determined by the parents in a mutual agreement. In case of disagreement, the judge will discretionally order this, when enforcing the divorce decree, by means of a hearing with the mother and the father.

I. When the grounds for divorce are among those contemplated in fractions I (proven adultery), II (pregnancy of the wife by a man other than the husband, at the time of the marriage and unknown to the husband), III (attempt to prostitute the spouse), IV (inciting the spouse to commit a crime), V (immoral acts intended to corrupt the children), VIII (abandoning the household for more than six months without just cause), XIV (the conviction for an ignominious crime under which he or she is sentenced to imprisonment in a penal institution for a term of two years or longer), XV (habitual gambling, drinking or drug use), XVII (domestic violence against the spouse or children) and XVIII (failure to comply with administrative orders tending to correct domestic violence) of article 279, the children will remain under the parental authority/responsibility (*patria potestas*) of the innocent spouse. If both spouses are guilty, they will be under the parental authority/responsibility (*patria potestas*) of the corresponding ancestor and in the absence of one, a legal guardian will be named.

---

[1] Refers to provisional measures that must be ordered by the judge when the divorce suit is admitted pertaining the care and custody of the children.

**Article 296.** Before ruling on parental authority/responsibility (*patria potestas*) or guardianship of the children, the judge may dictate, provisionally, any measure that he or she considers to be beneficial to the minor, at the request of grandparents, uncles, aunts or older siblings.

The judge may modify this decision if the circumstances within which it was taken vary and it is proven that the modification is in the best interest of the minor.

**Article 297.** The father and the mother are bound by all the obligations they have towards their children, even if they lose parental authority/responsibility (*patria potestas*).

TITLE EIGHTH: ON PARENTAL AUTHORITY/RESPONSIBILITY (PATRIA POTESTAS)
**CHAPTER I: ON THE EFFECTS OF PARENTAL AUTHORITY/ RESPONSIBILITY (*PATRIA POTESTAS*) ON THE CHILDREN**

**Article 425.** Parental authority/responsibility (*patria potestas*) is the series of duties that society imposes upon the parents to attend to the upbringing, protection and education of their minor children in order to favor the full development of their potential. It is a public interest institution and it is to be exerted according to the best interest of the children and it implies mutual respect between parents and children.

Children, regardless of their state, age or condition, must honor and respect their parents and other ancestors.

**Article 426.** Non –emancipated minor children are under parental authority/responsibility (*patria potestas*) as long as the ancestors that must exert it according to the Law subsist.

**Article 427.** Parental authority/responsibility (*patria potestas*) is to be exerted over the children themselves as well as over their assets. Regarding the care and education of the minors, parental authority/responsibility (*patria potestas*) is to be exerted in the manner prescribed by the laws applicable to the case.

**Article 428.** Parental authority/responsibility (*patria potestas*) over legitimate children is exerted:
    I.    By the mother and father
    II.   By the grandparents that, in the judges opinion, represent the best interest of the minor, after hearing them in any case.

**Article 429.** If the father and mother separate or they live in separate places, they will agree upon which one of them will have care and custody of the children. In case of disagreement, the judge will designate the person the person to do so, always considering the best interest of the children. The children will reside with the ancestor who was granted custody.
In any case, the children have a right to spend time with the separated parent and in order to do so, in case of disagreement between the mother and father, the judge will order the visitation schedule that best suits the interest of the minor. To make his or her decision, the

judge must hear the minors. If the parents live in separate places, what is established by article 394 and 395 will apply.[2].

**Article 430.** In the cases foreseen by articles 394 and 395, when due to any circumstance one of the parents ceases to exert parental authority/responsibility (*patria potestas*), it shall be exerted by the other one.

**Article 432.** In the absence of both parents, the relatives listed in article 428 of this Code (below) shall exert parental authority/responsibility (*patria potestas*) over the children.

**Article 433.** In order to summon the persons named in article 428 (above) to the exertion of parental authority/responsibility (*patria potestas*), the judge must evaluate the concrete circumstances of the case and rule according to the best interest of the minor in question, considering both the affective and economical aspects. The former shall prevail in any case and the minor will be heard.

**Article 434.** Only by absence or impediment of those who are primarily called to exert parental authority/responsibility (*patria potestas*) shall those who follow exert it in the order established by the previous articles. If only one of the two persons to whom it corresponds to exert parental authority/responsibility (*patria potestas*) is absent, the person remaining will continue in the exertion of this right.

**Article 435.** As long as the child is under parental authority/responsibility (*patria potestas*), he or she shall not leave the house of those who exert it without their permission or by means of an order emitted by an authority legally qualified to do so.

**Article 436.** The persons holding a minor under their parental authority/responsibility (*patria potestas*) have the obligation to conveniently educate him or her.

When the administrative authorities or the judge receive notice that the persons exerting parental authority/responsibility (*patria potestas*), or care and custody of the minor are not fulfilling their obligations or incur in domestic violence, they will notify the social representative from the Attorney General's Office (*Ministerio Publico*) so they can initiate the corresponding procedures. The judge may immediately order protective measures for the minor.

---

[2] Article 394. When the unmarried mother and father that do not live together formally recognize the child at the same time, they will agree on which one of them will hold custody of the child. In case of a disagreement, the local family judge will decide, hearing the parents and the social representative of the Attorney General's Office (Ministerio Publico), according to the best interest of the minor.

Article 395. When the recognition is made separately by unmarried parents who do not live together, custody will be granted by the first one to recognize the child, unless there is another agreement among the parents and as long as the local family judge does not deem it necessary to modify the agreement due to a serious cause, by means of a hearing with the interested parties and the social representative of the Attorney General's Office (Ministerio Publico).

**Article 437.** In order to comply with what is prescribed by the previous article; those who exert parental authority/responsibility (*patria potestas*) have the right to discipline the minor and the obligation to behave in a manner that sets a good example for the minor.

The right to discipline does not imply the infliction of forceful acts upon the minor which may affect his or her physical of psychological integrity.

**Article 438.** Minors under parental authority/responsibility (*patria potestas*) may not represent themselves in court or contract any obligation without the previous explicit consent of those exerting parental authority/responsibility (*patria potestas*).

In any case, the judge will hear the minor subject to parental authority/responsibility (*patria potestas*) on the matter.

**Article 439.** If the persons exerting parental authority/responsibility (*patria potestas*) should irrationally refuse, the judge will rule on the matter. If the judge decides to authorize the minor to contract an obligation or to represent him or herself in court, the legal acts that may result from that authorization will only have the legal effects related to the minor and his or her assets; they will in no way affect the persons exerting parental authority/responsibility (*patria potestas*) or their assets.


## CHAPTER III. ON THE WAYS PARENTAL AUTHORITY/RESPONSIBILITY (*PATRIA POTESTAS*) MAY BE TERMINATED OR SUSPENDED.

**Article 458.** Parental authority/responsibility (*patria potestas*) ceases:

I. By death of the person who exerts it if there is no other person to whom it corresponds;

II. By emancipation of the minor, due to marriage;

III. When the child reaches the age in which he or she is no longer legally a minor.

**Article 459.** Parental authority/responsibility (*patria potestas*) can be terminated:

I.     When the person exerting parental authority/responsibility (*patria potestas*) is expressly condemned to its loss; or when he or she is convicted two or more times of a criminal offense sentenced penalized with imprisonment in a penal institution for a term of two years or longer;

II.    When, due to the corrupted morals of the parents, mistreatment or abandonment of their duties, the health, security or morals of the children may be at risk, even when these actions are not penalized under criminal law. Mistreatment can be understood as any action or omission intended to dominate, submit, control or attack the child under parental authority/responsibility (*patria potestas*), either physically, psychologically, emotionally or sexually.

III.     When the father or mother exposes the child or when the child is abandoned for more than six months[3];

Parental authority/responsibility (*patria potestas*) can be terminated or suspended in cases of divorce according to what is established by article 295 of this Code (above).

**Article 460.** The mother or grandmother that contracts a second marriage shall not lose parental authority/responsibility (*patria potestas*) upon that fact.

**Article 461.** The new husband shall not exert parental authority/responsibility (*patria potestas*) over the children of the previous marriage.

**Article 462.** Paternal authority/responsibility (*patria potestas*) can be suspended;

I.     Due to a judicially pronounced lack of capacity;

II.     Due to formally declared absence;

III.     Due to a guilty verdict that imposes the suspension as part of the sentence.

**Article 463.** Parental authority/responsibility (*patria potestas*) is not waivable.

---

[3] Exposure is when the child's origin is unknown and he or she has been left in a public or private place without being placed under the care of another person. Abandonment is when the child's origin is known and he or she is left in a public or private institution or under the care of another person.